# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK S. BEDNAR, et. al.,**

      **Plaintiffs,**

      v.                                            **Case No. 07-C-1062**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE CO., et., al.,**

      **Defendants.**

## ORDER DENYING MOTION FOR RECONSIDERATION

On September 3, 2008, this court issued a Decision and Order regarding the defendants' opposing motions for summary judgment with respect to the question of the order in which insurance coverage shall be provided should liability be found. (Docket No. 59.) The court held that insurance coverage beyond that provided in the State Farm Mutual Automobile Insurance Co. ("State Farm") primary automobile liability policy shall be provided next by the $500,000 Catholic Mutual Relief Society of America ("Catholic Mutual") certificate and the State Farm umbrella liability policy on a pro rated basis depending upon coverage limits with Catholic Mutual providing $1 in coverage for every $2 State Farm provides. Insurance coverage beyond the State Farm primary automobile liability policy, the $500,000 Catholic Mutual certificate, and the State Farm umbrella liability policy shall be provided by Catholic Mutual's $35,000,000 certificate.

On September 12, 2008, State Farm, Debra D. Rossi, Roman Catholic Diocese of Joliet, St. Irene Catholic Church, and State Farm Fire and Casualty Company, all of whom shall be referred to here collectively as "State Farm," filed a Motion for Reconsideration. (Docket No. 62.) Catholic

Mutual responded. (Docket No. 64.) State Farm has not replied. The pleadings on the motion for reconsideration are closed and the matter is ready for resolution.

State Farm states that its motion is brought pursuant to Fed. R. Civ. P. 59(e) and 60(b). But Rule 59(e) is not an appropriate avenue for seeking relief because there has been no judgment entered. On the other hand, relief from an order may be found under Rule 60(b), but the bases for such relief are limited to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The only arguable basis here is the "catch-all" provision of Rule 60(b)(6), but relief is appropriate only for an "extraordinary" reason. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005); Lowe v. McGraw-Hill Cos., 361 F.3d 335, 342 (7th Cir. 2004). A typical extraordinary reason is one that the party could not have discovered earlier. See Lowe, 361 F.3d at 342. Therefore, when a party seeks to simply reargue its case, claiming that the court made a wrong decision, as State Farm does, such a motion for reconsideration is "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3 (N.D. Ind. 2007). (quoting Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994)); see also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001)).

> This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828.

"Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)).

State Farm simply restates its prior argument. State Farm relies upon the same case law that it previously presented and the court considered in reaching its decision. Notably absent from State Farm's motion for reconsideration is any discussion of this court's analysis of the intent of the parties in entering into the respective insurance contracts. This analysis, which the court found was significant when determining the order of insurance coverage under Wisconsin law, is unchallenged. Therefore, the court finds no reason to take the extraordinary step to alter its prior decision, and thus, for the reasons set forth previously, the court stands by that decision.

**IT IS THEREFORE ORDERED** that State Farm's Motion for Reconsideration, (Docket No. 62), is **denied**.

Dated at Milwaukee, Wisconsin this 30th day of October 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge